IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **SASHENE WRIGHT,**<br><br>                         **Plaintiff,**<br><br>v.<br><br>**MIDWAY LOGISTICS LLC, and ALI FAIZ ALWIDYAN a/k/a DANNY ALWIDYAN,**<br><br>                         **Defendants.** | Case No. 6:22-cv-01079 |

## COMPLAINT

Through undersigned counsel, Plaintiff Sashene Wright states and alleges for her cause of action against Defendants Midway Logistics, LLC and Ali Faiz Alwidyan a/k/a Danny Alwidyan:

1. Plaintiff Sashene Wright ("Wright") is a citizen of the state of Kansas. Her written consent to join is attached as Exhibit A.

2. Defendant Midway Logistics LLC ("Midway") is a limited liability company organized under the laws of the state of Kansas.

3. At all times relevant to the allegations in this action, Midway's principal place of business has been located at 1445 N. Rock Rd., Ste. 210B, Wichita, Kansas 67206.

4. At all times relevant to the allegations in this Complaint, Defendant Ali Faiz Alwidyan a/k/a Danny Alwidyan ("Alwidyan") has been the controlling member of Defendant Midway.

1

5. At all times relevant to the allegations in this Complaint, Alwidyan has been the president of Midway and has been responsible for setting the terms and conditions of employment and compensation for employees.

6. This Court has subject matter jurisdiction over the claim brought in this action pursuant to 28 U.S.C. §§ 1331 and 1367.

7. Venue is appropriate in the Wichita Division of this Court.

8. Midway is a freight brokerage company that connects shippers and transportation companies to transport freight in interstate commerce. Through its brokerage business, Midway earns a percentage of each transaction.

9. At all times relevant to the allegations in this Complaint, Midway has had more than $500,000.00 in annual gross receipts.

10. Midway hired Wright to work as a dispatcher in March of 2020.

11. Midway assigned Wright to the position of broker in April of 2020.

12. Midway promoted Wright to the position of general manager in June of 2020.

13. Midway assigned Wright to the position of general sales manager in May of 2021.

14. Midway has daily business hours and expects its employees, like Wright, to be present during work hours.

15. As an employee of Midway, Wright purchased and wore a company uniform.

16. As an employee of Midway, Wright attended daily sales meetings.

17. As an employee of Midway, Wright performed work that was integral to Midway's freight brokerage business.

18. As an employee of Midway, Wright had a Midway email address.

19. Throughout her employment with Midway, Wright regularly worked more than 40 hours per week.

20. Midway never paid overtime compensation to Wright.

21. Throughout her employment with Midway, Wright was paid 35% of the profit derived from each of her sales subject to certain reductions.

22. One such reduction was a "factoring fee," which Midway cited to diminish the profit associated with each transaction by 4% of the value of the entire transaction. Midway, through its principal Alwidyan, justified the factoring fee by explaining that these funds were necessary to reimburse factoring companies.

23. Other reductions that Midway took from Wright's compensation include but are not limited to unjustified chargebacks, truckstop software fees, and assistant fees.

24. Wright's employment with Midway ended in July 2021.

25. Midway failed and refused to pay Wright for work performed in July 2021.

26. After Wright's separation from employment with Midway, Midway misused Wright's company email address and name to communicate with customers as though Wright remained employed at Midway. This was done at the direction of Alwidyan.

27. After Wright's separation from employment with Midway, Midway has used Wright's images in internet marketing materials without her permission. This was done at the direction of Alwidyan to trick customers into doing or continuing to do business with Midway.

28. Wright has damages, suffered stress, humiliation, and mental anguish due to Alwidyan and Midway's unlawful conduct.

29. Midway and Alwidyan are liable to Wright for violating her rights under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq.; the Kansas Wage Payment Act, K.S.A. 44-301 et seq.; the Kansas Wayne Owen Act, K.S.A. 50-6,139; and Kansas tort law.

Wherefore, Plaintiff Sashene Wright prays that judgment be entered against Defendants Midway Logistics, LLC and Ali Faiz Alwidyan a/k/a Danny Alwidyan, for an amount in excess of $75,000.00, representing unpaid or misappropriated wages, liquidated damages, penalties, general damages, compensatory damages, punitive damages, interest, costs, attorneys fees, as well as all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

**Plaintiff Sashene Wright demands trial by jury on all issues so triable.**

**Plaintiff Sashene Wright designates the United States District Court for the District of Kansas, Wichita Division, as the place of trial.**

DATED: March 27, 2022.

                                                  GRAYBILL & HAZLEWOOD, LLC

/s/ Sean McGivern
Sean M. McGivern, #22932
218 N. Mosley
Wichita, KS 67202
Telephone: (316) 266-4058
Facsimile: (316) 462-5566
sean@graybillhazlewood.com
ATTORNEY FOR PLAINTIFF